## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3425-GW(FFMx) | Date | May 11, 2018 |
|---|---|---|---|
| Title | *Duane Farrant v. Angelique Friend, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**   **RULING ON EX PARTE APPLICATION FOR ORDER TO EXPUNGE LIS PENDENS, REQUEST FOR AWARD OF ATTORNEYS [SIC] FEES, AND MOTION TO REQUIRE PLAINTIFF TO PROVIDE UNDERTAKING**

Attached hereto is the Court's Ruling on Ex Parte Application for Order to Expunge Lis Pendens, Request for Award of Attorneys [sic] Fees, and Motion to Require Plaintiff to Provide Undertaking. The Court dismisses the case and concomitantly grants the request to expunge the *lis pendens*.

:

Initials of Preparer   JG

*Farrant v. Friend*, Case No. 2:18-CV-03425-GW-(FFMx)

Ruling on Ex Parte Application for Order to Expunge Lis Pendens, Request for Award of Attorneys [*sic*] Fees, and Motion to Require Plaintiff to Provide Undertaking


On May 8, 2018, Defendant Angelique Friend, Conservator of the Person and Estate of Norma Farrant, Conservatee ("Defendant"), moved, *ex parte*: (1) for an order expunging the *lis pendens* recorded in connection with this action by plaintiff Duane Farrant ("Plaintiff") (*see* Docket No. 2), (2) for attorney's fees, and (3) to require Plaintiff to provide an undertaking. *See* Docket No. 15. The Court approves of Defendant's use of the *ex parte* procedure here, as Plaintiff's tactics have – according to Defendant, and not contested by Plaintiff – left Defendant with a mere few days in which to expunge the *lis pendens* in advance of the close of escrow for a sale of the real property in question.[1] Plaintiff filed an untimely opposition. *See* C.D. Cal. L.R. 7-12.

On April 27, 2018, this Court issued an order denying Plaintiff relief in the form of an *ex parte* temporary restraining order ("TRO"). *See* Docket No. 13. That order expressed concern about whether the Court actually had subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and noted that, even if it did, the probate exception to federal jurisdiction, the prior-exclusive-jurisdiction doctrine, the *Rooker-Feldman* doctrine and/or various abstention principles would appear to warrant the Court's declining any subject matter jurisdiction it might otherwise have had over this matter. *See id.* at 1-3 & n.2. While denying Plaintiff the TRO, the Court indicated that it would hold a hearing on a converted-preliminary injunction motion on May 14, 2018 if Plaintiff "file[d] a further brief addressing the jurisdictional/*Rooker-Feldman*/abstention issues" (along with an injunctive relief argument addressing the proper test for such relief) by Friday, May 4, 2018. *Id.* at 4. The Court further indicated to Plaintiff that if he "agrees that this action is not properly before this Court or for any other reason elects not to proceed, notice of that/those fact(s) shall be provided to the Court by Friday, May 4. Any failure by Plaintiff to file his brief by May 4…will result in the Court taking the May 14

---

[1] Putting aside the question of whether Plaintiff properly served Defendant with the case-initiating documents in this case, Defendant had reason to believe that Plaintiff might concede the jurisdictional impropriety of this judicial proceeding by May 4, 2018, as described further infra. Waiting until it was clear that he would not does not render Defendant's present use of the ex parte procedure improper.

hearing off-calendar." *Id.*

Plaintiff did not file a brief by May 4. As such, for the reasons the Court set forth in its April 27 order, the Court dismisses this action for lack of jurisdiction or, in the alternative, due to one or more of the above-mentioned jurisdictional exceptions. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (Omitting internal citations). Although Plaintiff made an abbreviated attempt to convince the Court in a late-filed opposition (*see* Docket No. 17) that it had jurisdiction, or that it should exercise jurisdiction if it has such jurisdiction, the Court is not convinced. By virtue of this action, Plaintiff is attempting to have this Court determine that he has rights to real property that the California probate courts have ordered sold on behalf of Defendant's conservatee. This would interfere with a *res* over which the probate courts have exercised jurisdiction, and is, in effect, a challenge to the probate court's conclusion that the property belongs to the conservatee.

Before the Court dismisses the action on jurisdictional grounds, however, the Court will order the *lis pendens* expunged. Federal courts look to state law on whether the recording of a *lis pendens* provides constructive notice to interested parties of actions pending in the court that concern real property within the state. *See* 28 U.S.C. § 1964; *see also* O'Connell & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2017) § 13:17.10, at 13-10. On its face, section 1964 says nothing about the method by which the Court is to undertake expungement analysis. Nevertheless, district courts within the Ninth Circuit routinely use the California *lis pendens* statutes in analyzing expungement motions. *See, e.g., Maxwell v. Pendleton*, 2006 U.S. Dist. LEXIS 80268, *12-13 (E.D. Cal. Nov. 2, 2006); *Menjivar v. Trophy Props. IV DE, LLC*, 2006 U.S. Dist. LEXIS 76245, *69-75 (N.D. Cal. Oct. 10, 2006); *Dickey v. Auer*, 2006 U.S. Dist. LEXIS 31707, *9-10, 14-16 (E.D. Cal. May 19, 2006); *cf. Orange Cnty. v. Hongkong & Shanghai Banking Corp. Ltd.*, 52 F.3d 821, 823-24 (9th Cir. 1995) (concluding that district court's order expunging *lis pendens* under California law was not an appealable order). Moreover, the California legislature has indicated that California's *lis pendens* legislation should apply in federal trial courts.

*See* Cal. Code Civ. Proc. § 405.5 ("This title applies to an action pending in any United States District Court in the same manner that it applies to an action pending in the courts of this state.").

"At any time after notice of pendency of action has been recorded, any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice." *See* Cal. Code Civ. Proc. § 405.30. Defendant here moves pursuant to California Code of Civil Procedure § 405.32; and *Plaintiff* bears the burden of proof. *See* Cal. Code Civ. Proc. § 405.30; *see also* Weil & Brown et al., CAL. PRAC. GUIDE: CIV. PRO. BEFORE TRIAL (The Rutter Group 2017) § 9:430, at 9(I)-195.

A court "shall order" expungement "if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Code Civ. Proc. § 405.32. Thus, Plaintiff must show that it is more likely than not that he would obtain a judgment against Defendant on any real property claim(s) he has. *See id.* §§ 405.3, 405.32; *Howard S. Wright Const. Co. v. Superior Court (BBIC Investors, LLC)*, 106 Cal. App. 4th 314, 319 & n.5 (2003); *see also* Cal. Code Civ. Proc. § 405.4 (defining "real property claim").

For the aforementioned jurisdictional reasons, Plaintiff has no chance of obtaining a judgment against Defendant *in this Court*. In addition, insofar as there will be *no* claims pending once the Court dismisses the action on jurisdictional grounds (let alone any "real property claims"), the Court will grant the motion to expunge the *lis pendens*. *See Nordblad v. Deutsche Bank Nat'l Trust Co.*, No. CV 13-07542 DDP (VBKx), 2013 WL 6859273, *2 (C.D. Cal. Dec. 30, 2013); *Cornell v. Select Portfolio Servicing, Inc.*, No. CIV S-11-1462 KJM-EFB, 2011 WL 6097721, *2 (E.D. Cal. Nov. 29, 2011).

That leaves the questions of the requested attorney's fees and undertaking. In light of the dismissal of this action for lack of subject matter jurisdiction (or due to an exception thereto), the Court will decline to award attorney's fees. Defendant requests attorney's fees pursuant to California Code of Civil Procedure § 405.38, which provides for a mandatory award of reasonable attorney's fees and costs for any party prevailing on an expungement motion "unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs

unjust." The Court did not reach the merits of the underlying dispute (and Defendant appears to admit that the properties owned by her conservatee were "gifted entirely or partially to her adult children who reside in the properties" over the course of the last 15 to 20 years, *see* Docket No. 15, at 7:15-19, and that the conservatee "co-own[s]" the property in question here, *see id.* at 11:23-12:3), so it is not in position to determine on this abbreviated record that Plaintiff did not act with substantial justification, substantively.

Defendant seeks an undertaking as a condition of Plaintiff *maintaining* the *lis pendens* (as allowed by California Code of Civil Procedure § 405.34). The Court has ordered *expungement* of the *lis pendens*. However, Defendant asserts (and Plaintiff does not contest) that even if the Court grants her motion to expunge, she must wait 20 days before effectively recording an expungement order, and that this may cause escrow not to close as scheduled, leading to the threat that the sale will fall apart, or that the purchasers will be damaged (damages that will be borne by the parties to this action). Defendant's conservatee, an elderly woman, is relying on the sale of the property to fund her care – the facility that currently provides her care despite approximately $50,000 in arrears.

However, during a telephonic hearing held on this ex parte proceeding, Defendant's counsel indicated her belief that the purchaser of the property would agree to an extension of time in which to complete the purchase once an expungement order is issued. The Court therefore sees less reason to require an undertaking here. Given that conclusion, in combination with the fact that an undertaking required in connection with a case which is no longer pending before the Court (on jurisdictional grounds) would be an odd duck indeed (especially considering future "[r]ecovery" proceedings might be required under Section 405.34), the Court elects not to require an undertaking here.

For the foregoing reasons, the Court dismisses the case and concomitantly grants the request to expunge the *lis pendens*.